UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER C. on behalf of RICHARD C., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 3:18-cv-05145 JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent Filed by Plaintiff To Proceed Before a Magistrate Judge, Dkt 2. This matter has been fully briefed. *See* Dkt. 12, 13.

After considering and reviewing the record, this Court concludes that the majority of the ALJ's asserted reasons for finding plaintiff's testimony about the severity of his symptoms not credible—his relatively good clinical examination findings, pain management testimony, response to treatment, and testimony about daily activities—were not specific, clear, and convincing reasons supported by substantial evidence. Because the sole remaining reason for

ORDER ON PLAINTIFF'S COMPLAINT - 1

1  discounting plaintiff's testimony does not constitute substantial evidence to uphold the ALJ's
2  credibility finding, the errors were not harmless.  Plaintiff has not waived his remand-for-
3  benefits argument; however, because further administrative proceedings would serve to resolve
4  the conflict between plaintiff's testimony and State consultative examiners' opinions, a remand
5  for an award of benefits is not appropriate.

## BACKGROUND

Plaintiff Richard C. was born in October 1964 and was 49 years old on the alleged date of disability onset of December 9, 2013.  AR. 73.  Plaintiff's highest level of education was completion of the 12th grade.  AR. 186.  Plaintiff worked in the garden and paint department of a home building store and left that job because of his conditions.  AR. 185–86.

According to the ALJ, plaintiff has at least the severe impairments of degenerative disc disease and spondylosis of the cervical spine, status-post fusion surgery, and degenerative disc disease of the lumbar spine, status-post laminectomy with residual sciatica.  AR. 34.

At the time of the hearing, plaintiff lived alone.  AR. 55.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration.  *See* AR. 85, 98.  Plaintiff's requested hearing was held before Administrative Law Judge Gary L. Vanderhoof (the "ALJ") on July 11, 2016.  AR. 46.  On November 9, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act.  AR. 42.

On December 29, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20 C.F.R. § 404.981. Plaintiff's complaint seeking judicial review of the ALJ's written decision was filed in this Court in February 2018. *See* Dkt. 4. On April 30, 2018, defendant filed the sealed administrative record regarding this matter. *See* Dkt. 8.

Plaintiff's opening brief raises the following issues: (1) whether the ALJ properly found plaintiff not credible, (2) whether the ALJ properly evaluated whether plaintiff met listing 1.04, (3) whether the RFC included all limitations supported by the record, and (4) whether the ALJ's errors support an immediate remand for benefits. Dkt. 12, at 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**1. Credibility**

At the hearing before the ALJ, plaintiff rated his pain as typically about six out of ten and testified that his days were "mostly" "all intolerable" in terms of pain. AR. 61. Plaintiff explained that he could not sit or stand for more than two hours at a time due to pain. AR. 63–64.

The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" AR. 38. However, plaintiff's testimony about the "intensity, persistence[,] and limiting effects of these symptoms," specifically his alleged neck, lower back, and bilateral shoulder pain and his alleged left arm numbness, was inconsistent with the record. *See* AR. 38. The ALJ identified four areas of inconsistency: conflict with the medical evidence in the record, conflict with plaintiff's other testimony about manageability of his pain, conflict with plaintiff's allegedly good response to treatment, and conflict with plaintiff's daily activities. AR. 39. Because plaintiff's credibility is at the core of the ALJ's decision that plaintiff was not disabled, that conclusion also is at the core of this decision.

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain, an ALJ may not discredit the claimant's allegations of the pain's severity solely on the ground that objective medical evidence does not support the allegations. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991). Where there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of his symptoms "only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

*A. Inconsistency with Relatively Good Clinical Examination Findings*

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence when he found that plaintiff's "relatively good clinical examination findings" were inconsistent with plaintiff's pain allegations. Dkt. 12, at 5–6; AR. 38.

1    To justify rejection of excess pain testimony, an ALJ's findings must be specific enough
2    that this Court can determine that the underlying credibility judgment was not arbitrary. *Bunnell*,
3    947 F.2d at 345–46 (citing *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991)). The
4    ALJ must identify the testimony that is not credible and the evidence that undermines a
5    claimant's complaints; "'[g]eneral findings are insufficient.'" *Burch v. Barnhart*, 400 F.3d 676,
6    680 (9th Cir. 2005) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal
7    quotation marks omitted)).

8    Here, the ALJ made a number of findings related to objective medical evidence that, in
9    the ALJ's view, were inconsistent with plaintiff's pain testimony. First, the ALJ found that
10   plaintiff had consistently normal gait and posture, ability to heel/toe walk, and good motor
11   strength in his extremities. *See* AR. 38. Under the Administration's rulings at the time of
12   plaintiff's hearing, the ALJ had to provide specific reasons for the weight given to plaintiff's
13   symptoms that were clearly enough articulated that the individual and any subsequent reviewer
14   could assess how the ALJ evaluated plaintiff's symptoms. SSR 16-3P, 2016 WL 1119029, at *9
15   (Mar. 16, 2016). But here, the ALJ made no effort to explain why the findings about gait,
16   posture, heel/toe walking, and motor strength contradicted plaintiff's allegations of pain or to
17   relate gait and posture, ability to heel/toe walk, and intact motor strength to allegations of pain.
18   Presumably, a person can have normal gait, posture, heel/toe walking, and motor strength and
19   still be in substantial pain. At least, without more explanation, these findings about gait and
20   strength were not convincing reasons to disregard allegations of pain.

21   The ALJ also erred because he found that plaintiff "consistently" had normal gait and
22   posture, yet within the same records that the ALJ cited is a treatment report documenting that
23   plaintiff had an antalgic gait on examination in 2015. AR. 38; *see* AR. 571. This Court finds
24

that the ALJ's findings about consistently normal gait and posture, ability to heel/toe walk, and good motor strength in extremities were not specific, clear, and convincing reasons supported by substantial evidence to discredit plaintiff's allegations about the intensity of his pain.

The ALJ also found that plaintiff "[a]t times" exhibited spinal muscle spasms and pain on range of motion and at "other times" had no muscle spasms and no pain on palpitation. AR. 38. The ALJ did not explain why or how this evidence was inconsistent with any particular part of plaintiff's testimony. Rather, the ALJ simply summarized the medical evidence in the record. In doing so, the ALJ failed to provide a specific or convincing rationale for rejecting plaintiff's testimony about the extent of his pain.

The ALJ pointed to plaintiff's closest medical record to the hearing date—a 2016 record stating that plaintiff had a normal back examination with no tenderness and full range of motion. AR. 38. The ALJ found this record "[n]otabl[e]" and explained that it was part of a pattern of improvement on medication testified to by plaintiff. *See* AR. 38. However, the ALJ's finding is not convincing because his rationale relies on a mischaracterization of plaintiff's pain testimony: plaintiff testified that even on medication, his pain was "intolerable"—not "tolerable." AR. 61.

Other than finding consistency with plaintiff's pain management testimony, the ALJ did not discuss how the 2016 examination, which occurred well after plaintiff's engaging in any meaningful employment, was inconsistent with plaintiff's testimony that certain activities, such as sitting and standing, exacerbated his pain or with evidence that plaintiff's attempt to return to work had previously worsened his condition. *See* AR. 63–64, 483. Therefore, the finding that plaintiff had no tenderness and a full range of motion upon examination in 2016, in and of itself, is not sufficient to support the ALJ's conclusion regarding plaintiff's lack of credibility.

### B. Conflict with Testimony about Pain Manageability

Plaintiff argues that the ALJ erred in finding that plaintiff's hearing testimony was that his pain was "'pretty tolerable'" by the time of the hearing, following medication adjustment. Dkt. 12, at 6; AR. 38. As discussed above, plaintiff is correct that the ALJ's finding lacks substantial evidentiary support. *See supra*, part 1(A). At the hearing, plaintiff testified that his pain was "intolerable"—not "'pretty tolerable'"—despite the use of medication. AR. 38, 61. This error is significant because it resolves the alleged inconsistency in plaintiff's testimony about pain management on medication. Plaintiff testified that although his new medication "work[ed] all day" (AR. 60), even so, he continued to have "mostly" "all intolerable" days of pain. AR. 61. Plaintiff also rated this pain as 6/10. AR. 61. Because the ALJ predicated his finding that plaintiff's medication managed his pain on his mischaracterization of plaintiff's hearing testimony, the ALJ erred when he found that plaintiff's "tolerable" pain on medication contradicted his testimony about debilitating pain. *See* AR. 38.

### C. Good Response to Treatment

Plaintiff also challenges the ALJ's finding that plaintiff's good response to treatment contradicted his testimony about the severity of his symptoms. Dkt. 12, at 5; *see* AR. 38. Regarding plaintiff's treatment, the ALJ noted that plaintiff had used a bone growth stimulator, received spinal injections, and participated in physical therapy. AR. 38. On the basis of a 2014 record stating that plaintiff "was doing 'extremely well' and had complete resolution of his left arm symptoms" until he returned to work on July 20, 2014, the ALJ found that plaintiff's testimony about the severity of his symptoms was not credible. AR. 38 (quoting AR. 483).

A positive response to treatment may undermine claims of disabling pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008). However, it is only those impairments that can be effectively controlled by medication that are not disabling. *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here the same record that the ALJ cited as showing a favorable response to treatment states that plaintiff attempted to return to his job but was unable to because working caused a recurrence of pain. AR. 483. Thus the fact that treatment resulted in some improvement to plaintiff's condition in 2014—but not enough for him to successfully return to work—is not a convincing reason to discredit plaintiff's allegations as to the severity of his pain. The ALJ's analysis failed to take into account "that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

    *D. Conflict with Daily Activities*

Plaintiff argues that the ALJ erred when he found that plaintiff's "good activities of daily living" "including an unimpaired ability to provide for his personal care, prepare simple meals, perform household chores such as laundry and dishes, and . . . drive" were inconsistent with his pain allegations. Dkt. 12, at 7; AR. 38–39.

Although an ability to perform household chores and other activities that involve many of the same physical tasks as a particular type of job could be inconsistent with an inability to work, "[t]his line of reasoning clearly has its limits[.]" *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Id.*; *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere

fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). Inconsistency may be found where the "claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting[.]" *Fair*, 885 F.2d at 603.

The ALJ relied on evidence that plaintiff could dress, bath, and walk without assistance and was able to drive but required help with making meals, shopping, doing household chores, and caring for pets. *See* AR. 201, 274–75. Plaintiff could prepare small meals, such as frozen dinners, that took five minutes or less to prepare and could do laundry and dishes once a week, although he sometimes required assistance with the laundry. AR. 202; *see also* AR. 56 (plaintiff testifies that he mostly microwaves). At the hearing, plaintiff explained that once in a while, he grocery-shopped but that primarily he relied on his mother for groceries. AR. 56. At the hearing, plaintiff reiterated that he could do only "light laundry." AR. 57.

In characterizing this evidence as showing "good activities of daily living" (AR. 38), the ALJ erroneously translated the ability to do periodic, simple home activities into evidence that plaintiff could perform work activities. None of the evidence that the ALJ relied upon shows the ability to spend a substantial part of the day engaged in pursuits transferable to the work setting. Notably, plaintiff repeatedly stated that he could perform only the minimal activities of daily living—preparing only simple meals, going shopping only if his back was "okay," and doing only "light laundry" (AR. 56–57)—and required assistance with more intensive activities. Thus the ALJ's finding that plaintiff's testimony about his daily activities conflicted with plaintiff's pain allegations was not based on convincing reasons.

*E. Not Harmless Error*

This Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discrediting plaintiff's allegations regarding the severity of his pain. This Court next looks to whether any error was harmless. *See Stout v. Cmm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Error is harmless if it is inconsequential to the ultimate disability conclusion. *See id.* at 1055. "So long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal." *Carmickle v. Cmm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Batson v. Cmm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

Here, the vast majority of the ALJ's asserted reasons for rejecting plaintiff's testimony were erroneous. Plaintiff's daily activities were not inconsistent with his allegations; he did not testify that his pain medication made his condition tolerable; his condition worsened when he attempted to return to work, even with treatment; and the ALJ's findings about "relatively good clinical examination findings" were insufficiently specific and not convincing. *See supra*, parts 1(A)–(D). To the extent that the ALJ found that plaintiff's 2016 examination showed good clinical findings inconsistent with his testimony, the ALJ did not explain why the examination record, standing alone, constituted substantial evidence to reject plaintiff's testimony about debilitating pain. *See* AR. 38. In the face of the records documenting pain, spasms, and limited range of motion observed between 2014 and 2015 (*see* AR. 289, 299, 302, 317, 350–51, 396, 404, 408, 412, 416, 424, 428, 432, 436, 444, 571) and exacerbation of symptoms upon return to work (AR. 483), the 2016 record, standing alone, does not constitute substantial evidence

supporting a finding that plaintiff's symptoms were not as severe as he testified.  *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017).  As explained in *Trevizo,* when "the vast majority of the ALJ's bases for rejecting [plaintiff's] testimony were legally or factually erroneous," the "sole remaining reason" for discounting plaintiff's testimony cannot constitute substantial evidence to support the ALJ's credibility determination.  *Id.*  Similarly, in this case, the fact that plaintiff did not appear to suffer debilitating pain at one examination is not sufficient substantial evidence to support the ALJ's finding that plaintiff's testimony was not credible.

### 2. Remand for Further Proceedings

Plaintiff requests a remand for benefits, rather than further proceedings.  Dkt. 12, at 12.  As an initial matter, defendant argues that plaintiff waived his request because plaintiff's briefing on this issue appears to be copied from briefing in a different case and does not specifically address plaintiff's own case.  Dkt. 13, at 8; *see* Dkt. 12, at 12.  It is well-settled that a waiver requires an intent to relinquish a known right.  *See, e.g.*, *United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012); *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983).  Here, however, defendant argues that this Court should find that plaintiff waived his remand-for-benefits argument on the basis of an error in plaintiff's briefing.  At other points in his briefing, plaintiff clearly identifies his request for an award of benefits.  *See* Dkt. 12, at 1, 2, 3.  It is apparent that plaintiff inadvertently omitted the substance of his remand-for-benefits argument, and defendant's waiver argument is not well-taken.

Three conditions must be satisfied for this court to remand for an award of benefits:  (1) the record must be fully developed, and further administrative proceedings must serve no useful purpose; (2) the ALJ must have failed to provide legally sufficient reasons to reject evidence;

and (3) the ALJ must be required to find the claimant disabled on remand if the improperly discredited evidence is credited as true. *Garrison*, 759 F.3d at 1020. Courts also have flexibility to remand for further proceedings where, even if all three conditions are met, there is serious doubt that the claimant is disabled in light of the record as a whole. *Garrison*, 759 F.3d at 1021.

Here, two state agency consultants opined that plaintiff could sit, stand, and walk for six hours per eight-hour work day, contradicting plaintiff's testimony about his limitations. *See* AR. 63–64, 82, 95. Further administrative proceedings will serve the useful purpose of resolving this conflict, so that the first and third conditions for this Court to remand for an award of benefits are not satisfied. Accordingly, this Court remands for further proceedings.

**3. Listing 1.04(A)**

Plaintiff also argues that the ALJ erred when he concluded based on "the documentary evidence and testimony of record" that plaintiff did not meet listing 1.04(A). AR. 37; Dkt. 12, at 9. "[N]euro-anatomic distribution of pain" is a requirement of listing 1.04(A). *See* 20 C.F.R. Part 404, Subpart P., App. 1, § 1.04(A). And, as discussed above, pain caused by his back disorder was one of the subjects of plaintiff's testimony. Because the ALJ's reassessment of plaintiff's credibility may impact whether plaintiff met listing 1.04(A), the ALJ should reassess whether plaintiff met listing 1.04(A) on remand. In doing so, the ALJ should not make boilerplate findings. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**JUDGMENT** should be for the plaintiff, and the case should be closed.

Dated this 27th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge